**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 7 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE B LLC, a California limited liability company, | No. 15-56028 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-03942-DMG-SS |
| v. | |
| WELLS FARGO BANK N.A., | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 13, 2017
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and KORMAN,** District Judge.

Wells Fargo Bank N.A., appeals from the district court's order granting

Laurie B LLC's motion for summary judgment and denying Wells Fargo's motion

for summary judgment. As the parties are familiar with the facts, we do not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Wells Fargo has raised a triable issue of fact as to whether California Commercial Code section 3405(c) applies.  Section 3405(c) provides that:

> Under [section 3405(b)],[1] an indorsement is made in the name of the person to whom an instrument is payable if (1) it is made in a name substantially similar to the name of that person or (2) the instrument, whether or not indorsed, is deposited in a depositary bank to an account in a name *substantially similar* to the name of that person.

Cal. Com. Code § 3405(c) (emphasis added).

The checks at issue here were payable to Laurie B LLC and deposited into an account named "Desert Underground Utilities, Inc. dba Laurie B" without Laurie B LLC's indorsement.  In response to Wells Fargo's contention that section 3405(c) applies, Laurie B LLC argues that the names "Laurie B LLC" and "Desert Underground Utilities Inc., dba Laurie B" are not "substantially similar" as a matter of law because they (1) refer to different types of corporate entities, and (2) are facially distinguishable.  Neither argument entitles Laurie B LLC to summary judgment.

---

[1] Under section 3405(b), where an employer entrusts an employee with responsibility over an instrument, and the employee fraudulently indorses the instrument, "the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person."  Cal. Com. Code § 3405(b).

Regarding the first argument, Laurie B LLC's reliance on *McMullen Oil Co. v. Crysen Refining, Inc.* (*In re McMullen Oil Co.*), 251 B.R. 558, 576 (Bankr. C.D. Cal. 2000), is misplaced.  In *McMullen*, the court held that the names "McMullen Oil Co. Pension Plan" and "McMullen Oil Co." were not substantially similar because of the inherent differences between a pension plan and a business.  *Id.*  In contrast, here the entities are both businesses.  Moreover, nowhere does the text of section 3405(c) require that the two names consist of the same type of corporate entity to support a finding of substantial similarity.

Laurie B LLC's second argument fares no better because the fact that Desert Underground Utilities, Inc. was doing business as the fictitious business name "Laurie B" does not preclude a finding of substantial similarity.  For example, *Shane Smith Enters., Inc. v. Bank of Am., N.A.*, No. 4:06CV00376 JLH, 2007 WL 1880201, at *5-6 (E.D. Ark. June 29, 2007), held that the names "Melvin Lewis Walker dba S. Smith Enterprises" and "Shane Smith Enterprises Inc." were substantially similar despite the fact that one entity was operating under a dba name.  *See also Spear v. Wells Fargo Bank, N.A.* (*In re Bartoni-Corsi Produce, Inc.*), 130 F.3d 857, 861 n.7 (9th Cir. 1997) (explaining that California courts afford "great deference" to other jurisdictions' interpretations of the Uniform Commercial Code (citation omitted)).  Therefore, Desert Underground's use of a dba name is no impediment to a finding of substantial similarity under section

3

3405(c).

In sum, whether the names are substantially similar under section 3405(c) is a factual question for the jury. Accordingly, we reverse the district court's grant of summary judgment in favor of Laurie B LLC.

**REVERSED AND REMANDED.**